# HENRY LUKENS
## V.
## RIEKE BEERNIEK ET AL.

*Landlord and Tenant—Contract for Leasing—Bι each.*

In an action brought to recover for the breach of a contract for the leasing of certain farm lands, this court holds that the amount awarded to the plaintiffs as damages is not shown by the evidence to have been sustained by them.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Massac County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Mr. J. F. McCARTNEY, for appellant.

Messrs. COURTNEY & HELM, for appellees.

GREEN, P. J.   This suit was brought to recover damages against appellant for the breach of contract for the leasing of land, entered into between appellant, the owner, and appellee Rieke Beerniek and her husband, as joint tenants.   The rent was to be a share of the crop, and the term to be "five years or as long as both parties are pleased and agreeable with each other, or until said farm may be sold," tenants to have the right to occupy the "resident buildings" on the place, but if appellant decided to re-occupy said buildings, he to furnish a good comfortable house for them to live in.   The cause was tried by a jury and a verdict returned assessing plaintiffs' damages at $275.   For this sum judgment was entered and appellant took this appeal.

It is unnecessary to discuss and pass upon the various points presented on behalf of appellant, for the reason that the *amount of damages* recovered is not shown by the evi-

dence to have been sustained by plaintiffs, by reason of the breach of the contract, as averred in the declaration. The only testimony that bears upon this matter of damages is that of Rieke Beerniek, who testifies that grubbing costing three or four dollars was done by her husband, and he hired a hand to do work on the demised premises for three days at fifty cents per day. In answer to the question, " How much is that place worth a year to you down there ? what is the reasonable value of that place ? " she testified " About $300." She was then asked, " Where are your tools and things now ? " and answered, " Down in the lower end of the county by Mr. Henry Lukens;" and was then asked, " Do you mean $300 per year ? " and answered, " Yes sir, for the first year, because I lost so much by it. Had to hunt the place and then lost all my other things by it."

The damages claimed in the declaration do not include damages for loss of time in hunting the place, or for loss of things belonging to this witness, nor for the value of the place per year. Its rental value might be $300 per year, but the loss to the tenants because they failed to get the place is not necessarily the whole rental value, and it is also quite evident from the answer of this witness to the last question, that her estimate of $300 was based upon the time lost in hunting the place and loss of things belonging to her, for which, under the averments in the declaration, no damages are claimed. The judgment is reversed and cause remanded.

*Reversed and remanded.*